## Commonwealth *v.* Consolidated Dressed Beef Company, Appellant.

*Taxation—Corporations—Manufacturing corporations—Slaughtering live stock.*

A corporation which is engaged in the purchasing and slaughtering of live stock, preparing the carcasses for market as meat, and selling various other products derived from the slaughtered animals, consisting of heads, horns, hoofs, bones, fat, etc., each one being a constituent part of the animal, and not changed in any way by the application of art or skill, excepting as to cleaning and sorting, is not engaged in manufacturing within the meaning of the acts of assembly exempting manufacturing corporations from taxation.

Argued May 26, 1913. Appeal, No. 23, May T., 1913, by defendant, from judgment of C. P. Dauphin Co., Com. Docket 1912, No. 192, in favor of the Commonwealth in case of Commonwealth of Pennsylvania v. Consolidated Dressed Beef Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from the settlement of an account by the auditor general and state treasurer.

The case was tried by a judge without a jury, by stipulation of the parties.

MCCARRELL, J., filed the following findings of fact and conclusions of law:

The defendant is a Pennsylvania corporation "formed for the purpose of the purchase, sale and slaughter of live stock, the purchase and sale of slaughtered animals, and the purchase, manufacture and sale of their prod-

ucts." · The business, according to the testimony of George J. Roesch, president of the company, is conducted as follows, ·to wit:—

"The live stock purchased is slaughtered by the said corporation; the hides, heads, horns, hoofs, tails and entrails taken from the dead animals, cleaned and sorted; the carcass is washed and split in half; each half is hung in refrigerator and subsequently cut into quarters or smaller portions for purpose of sale."

. The president further specifies the products of the corporation as being "hides, horns, hoofs, bones, fat, brains, blood, materials for casings, livers, hearts, tails, tongues, tripe, and beef."

The accounting officers of the State on January 15th, 1912, settled an account against the defendant company for tax upon its capital stock, amounting to $1,575, which sum with interest from July 15th, 1912, is claimed by the Commonwealth in this case. The defendant has appealed from this settlement, and trial by jury has been waived by the parties in accordance with the Act of April 22, 1874, P. L. 109.

The defendant contends that it is engaged solely in carrying on manufacturing and is therefore exempt from any capital stock tax. Its right to the exemption so claimed is the single question to be determined here. Is the defendant company engaged in carrying on manufacturing?

### DISCUSSION.

The learned counsel for the defendant contends that it is a manufacturing company and suggests that "manufacturing industries consist in the application of art, science or labor to bring about certain changes or modification of already existing material" and that manufacturing necessarily includes "the modification of material objects and their adaptation to satisfy human wants."

As already stated, the president of ·the defendant ·tes-

tifies that the only products of the corporation are hides, horns, hoofs, bones, fat, brains, blood, materials for casing, livers, hearts, tails, tongues, tripe and beef." Everyone of these so-called products is a part of the animal which the defendant has divided up into its constituent parts and separated from the entire body of the animal. Not one of these parts has received the application of art, science, skill or labor to bring about any change or modification in them so as to adapt them to satisfy human wants. The defendant company simply takes the animal apart and disposes of the parts or pieces in their natural condition. The purchaser of the respective parts applies to them such art, labor, skill or process as is necessary to change the parts into the desired product. The defendant sells its products as raw material and others adapt the raw material to various uses by processes of manufacture. It may be admitted that treating the hides of animals by the usual processes of tanning and producing sole leather as a finished result is manufacturing as was decided in the case of Commonwealth v. Elk Tanning Company, Commonwealth Docket, 1896, No. 598, but in the present case the hides are simply sold by the defendant company and the tanning process is applied by others.

Slaughtering hogs and making therefrom merchantable food such as loins, shoulders, hams, sausages, scrapple and lard is manufacturing, as was decided in Commonwealth v. Salt Company, 1 Dauphin County Reports 97, but in the present case no merchantable food is produced by the defendant company; no hams are cured and no sausages made; the meat is sold in its natural state, and others apply the various processes which adapt it for use as food. It may be conceded that "changing clay into brick by the ordinary processes of digging, tempering, moulding and burning" is manufacturing, as was decided in Commonwealth v. Excelsior Brick and Stone Company, No. 535, January Term, 1893, but the mere digging of clay and selling it to another who tem-

pers, moulds and burns brick therefrom is certainly not manufacturing. Farmers at times slaughter an ox, remove the hide and entrails, cut the carcass into quarters and make sale thereof, and certainly it cannot be successfully contended that in so doing the farmer is carrying on manufacturing. A farmer may fell a tree, remove the bark and sell it to a tanner, cut the trunk into various lengths and sell the parts to saw mill owners, who convert the same into lumber for the purposes of the market, and it certainly cannot be successfully contended that the person cutting down the tree, removing the bark and cutting the trunk into logs is carrying on manufacturing. He is simply preparing raw material for the process of the manufacturer.

In the present case the defendant sells its products in their natural condition without having applied thereto any art, science, labor or process to change the form or condition thereof, and in our opinion the defendant is not carrying on manufacturing and is not entitled to any exemption of its capital stock from the payment of state tax. We therefore have reached the following

CONCLUSIONS:

1. The settlement made by the accounting officers against the defendant company for the year in question is correct, and the amount of tax due by the defendant company is fifteen hundred and seventy-five ($1575.00) dollars, bearing interest from July 15th, 1912.

2. The Commonwealth is entitled to judgment against the defendant company, as follows, to wit:—

| | | |
|---|---|---|
| Amount of capital stock tax as per settlement, | $1,575 | 00 |
| Interest July 15th, 1912, to March 15th, 1913, | 63 | 00 |
| Attorney general's commission, ............ | 81 | 90 |
| | $1,719 | 90 |

in which amount seventeen hundred nineteen and 90-100 dollars judgment is now directed to be entered in favor of the Commonwealth and against the defendant unless exceptions be filed within the time limited by law.

Exceptions to the findings of the court were subsequently dismissed.  Defendant appealed.

*Errors assigned* were in dismissing the exceptions.

*Theodore F. Jenkins,* for appellant.—The appellant is engaged in the manufacturing business: Com. v. Filbert Pav. & Const., 229 Pa. 231; Com. v. Campbell, 33 Pa. 380; Com. v. Brick Co., 157 Pa. 512; Com. v. Oil Co., 157 Pa. 516; Com. v. Slate Co., 162 Pa. 599; Com. v. Mann Co., 150 Pa. 64; Com. v. Keystone Bridge Co., 156 Pa. 500; Com. v. Pittsburgh Bridge Co., 156 Pa. 507; Com. v. Juniata Coke Co., 157 Pa. 507; Com. v. Gormly, 173 Pa. 586; Com. v. Williamson, 48 Pa. Superior Ct. 561; New Mercantile Tax, 9 Pa. D. R. 117; Givler's App., 12 W. N. C. 236; Com. v. Brinton, 3 Pa. D. R. 783; Com. v. Salt Mfg. Co., 1 Dauphin County 97; Com. v. Hiller, 1 Dauphin County Rep. 188.

*William M. Hargest,* Second Deputy Attorney General, with him *John C. Bell,* Attorney General, for appellee.—The appellant is not engaged in manufacturing: Com. v. Salt Mfg. Co., 1 Dauphin County 97; Engle v. Sohn, 41 Ohio St. 691; Tippecanoe v. Boercher, 5 Ohio C. C. Rep. 6; New England Dressed Meat & Wool Co. v. Roberts, 155 N. Y. 408; Williams v. Warren, 64 L. R. A. 3; Com. v. Marsh, 3 Pa. D. R. 489.

PER CURIAM, June 27, 1913:

The judgment is affirmed on the opinion of Judge Mc-CARRELL.