# Commonwealth v. Consolidated Dressed Beef Company, Appellant.

*Taxation—Mercantile license tax—Act of May 2, 1899, P. L. 184—Dealers—Wholesale dealers.*

1. One who buys material to sell again comes within the proper definition of a dealer as the term is used in the Act of May 2, 1899, P. L. 184, which provides for the imposition of a mercantile license tax upon dealers in goods, wares and merchandise.

2. On a case stated to determine whether defendant corporation was liable for the payment of the mercantile license tax imposed by the Act of May 2, 1899, P. L. 184, where it appeared that defendant was engaged in the business of purchasing cattle, slaughtering them, and selling the beef and other products obtained from the slaughtered animals to dealers in beef and beef products, the court properly held that defendant was a wholesale vendor of merchandise and was therefore liable for the payment of the tax.

Argued March 26, 1914. Appeal, No. 87, Jan. T., 1914, by defendant, from judgment of C. P. No. 4, Philadelphia.Co., March T., 1913, No. 4871, for plaintiff, on case stated to determine defendant's liability to pay mercantile license tax in case of Commonwealth of Pennsylvania v. Consolidated Dressed Beef Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Appeal from assessment of the Board of Mercantile Appraisers for the County of Philadelphia.

From the record it appeared that case was heard in the court below on a case stated which was as follows:

"1. It is hereby agreed by the parties to the above proceeding that the following case be stated for the judgment of the court.

"2. The Consolidated Dressed Beef Company is a corporation of Pennsylvania, organized for the purpose, and engaged exclusively, in the City of Philadelphia, in

the business of the purchase of cattle, the slaughtering of the same and the sale of the beef and other products obtained from the animals slaughtered. The cattle are slaughtered and dressed by the defendant at the abattoir in the West Philadelphia stock yards. All sales made by the defendant are sales of the beef and other products of the cattle slaughtered by the defendant. All sales made by the defendant are made at the place where the defendant slaughters the cattle. The defendant does not keep a store or warehouse for the purpose of vending and disposing of any goods, wares or merchandise. All sales made by the defendant are made only to dealers in or vendors of beef or other products obtained from the animals slaughtered. The sales of the defendant during the year 1913 amounted to $4,334,500. The Board of Mercantile Appraisers for the County of Philadelphia assessed against the defendant as a wholesale vendor for the year 1913 a mercantile license tax of $2,167.45, from which assessment the defendant appealed to the said board on May 8, 1913, the day assigned by the board to hear the appeal. The appeal was dimissed by the said board and the defendant on May 9, 1913, appealed to this court.

"3. If, under the above facts, the defendant is liable to the said mercantile license tax, judgment shall be entered for the Commonwealth of Pennsylvania for $2,167.45; otherwise judgment shall be entered for the defendant.

"4. Each party shall have the right to appeal from the judgment entered by the court."

The court entered judgment for the plaintiff for $2,167.45. Defendant appealed.

*Error assigned* was the judgment of the court.

*Theodore F. Jenkins,* for appellant, cited: Com. v. Dinkelberg, 2 Chester Co. Rep. 384; Com. v. Brinton, 3 Pa. Dist. Rep. 783; Com. v. Hiller, 7 Pa. Dist. Rep. 471,

472; Com. v. Finnel, 1 Montg. County 60; Com. v. Beener, 1 Montg. County 44; Givler's App., 12 W. N. C. 236, 237, 238; Com. v. Ice Company, 23 Pa. Superior Ct. 267; Com. v. Williamson, 48 Pa. Superior Ct. 561; Barton v. Morris, 10 Philadelphia 360; Com. v. Davis, 11 Pa. Dist. Rep. 427.

*John T. Murphy,* for appellee, cited: Com. v. Consolidated Dressed Beef Company, 242 Pa. 163; Com. v. Elk Tanning Company (Commonwealth Docket 1896, No. 598); Com. v. Excelsior Brick and Stone Company, No. 535, January Term, 1893; Com. v. Davis, 11 Pa. Dist. Rep. 427.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This is an appeal from the assessment of a mercantile license tax. From the facts as set forth in the case stated for the decision of the court below, it appears that the defendant is engaged in the business of purchasing cattle, slaughtering them, and selling the beef and other products obtained from the slaughtered animals. The sales are made only to dealers in, and vendors of the beef and other products. The court below held that under the facts as stated, the defendant was properly assessed for a mercantile license tax, and is liable for the payment thereof, and judgment was therefore entered against it accordingly.

From our review of the record, we are unable to see how the court below could have reached any other conclusion, than that defendant is a dealer in, and vendor of goods and merchandise. It buys cattle, which are for it the raw material, and it converts that material into forms and sizes suitable for the market which it supplies, and it then sells the material, as merchandise, to others who vend, and deal at retail in the same products. It buys material, to sell again, and therefore comes within the proper definition of a dealer, as the term is used in the Act of May 2, 1899, P. L. 184, under which the mer-

cantile license tax is imposed. It subjects the material which it buys to certain manipulations, but those are not such as to properly constitute it a manufacturing corporation. This was decided in the case of Com. v. Consolidated Dressed Beef Co., 242 Pa. 163. Nor does the defendant make sale of that which it raises upon its own premises, as in the case of a farmer who sells his own cattle, raised upon his farm. The defendant carries on a business properly termed as merchandising, and a large one at that. It would be difficult to find a better example of a dealer or vendor of merchandise, upon a large scale. Defendant buys for the sole purpose of selling again, that which it has purchased. We think the learned court below was clearly right in holding that the defendant company was liable to assessment as a wholesale vendor of merchandise, and judgment was therefore properly entered against the defendant, upon the case stated.

The assignments of error are overruled, and the judgment is affirmed.