## Commonwealth *v.* Densten Felt & Hair Co., Appellant.

Argued April 22, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*W. Horace Hepburn, Jr.,* for appellant.

*Philip S. Moyer,* Deputy Attorney General, and *Wm. A. Schnader,* Attorney General, for appellee, were not heard.

PER CURIAM, June 27, 1931:

Defendant appeals from the judgment of the Dauphin County Court of Common Pleas upholding the assessment by the Commonwealth of a tax on a portion of the former's capital stock, on which it claims exemption under the Act of July 22, 1913, P. L. 903, amending section 21 of the Act of June 1, 1889, P. L. 420, because as appellant contends the proportion taxed is employed for manufacturing purposes. By agreement, the case was tried without a jury under the provisions of the Act of April 22, 1874, P. L. 109.

The taxing acts above referred to exempt from taxation "only so much of the capital stock [of a corporation] as is invested purely in the......manufacturing plant and business" and "actually and exclusively employed in" manufacturing within this Commonwealth. Language intended to relieve from taxation must be strictly construed: Com. v. Lowry-Rodgers Co., 279 Pa. 361, 366; Com. v. Wark Co., 301 Pa. 150, 153.

Among the purposes for which defendant company is incorporated are "buying, selling and dealing in hair,

wool and felt of all kinds, and washing and handling the same and preparing the same." The record shows and the court below found that defendant company purchases hair in the raw state from tanneries, which at the time of purchase contains lime and other chemicals which necessitates the washing of the crude article within forty-eight hours after it leaves the tanneries, otherwise the impurities named destroy its texture, the work being done by machinery, in which clean water without the addition of chemicals is used. "After being washed, the hair [is] put through a centrifugal machine called an 'extractor,' to take [out] the water......, then conveyed to automatic dryers. When dried it [is] placed in bales and graded according to color, kind and size, the grading being done by sight, no machinery being used." Following this process, other impurities are removed from the hair by devices constructed for the purpose. A percentage of cleaned hair is then baled and sold by defendant for upholstering and other commercial purposes, the hair retained being used by defendant in the manufacture of felt.

The court below properly sustained the contention of the Commonwealth that, down to the point where the cleaned hair is ready for use by defendant company in the actual manufacture of felt, the processes detailed "are nothing more than washing, drying, cleaning and assorting the hair." A portion not used by defendant is sold, but when sold it is still hair. Its form has not changed. It had undergone nothing more than a cleansing process and has not been transformed into a new product. The sole difference between the washed article and the raw product is that the former is more free from dirt and other objectionable matter.

The entire subject of what may be considered manufacturing is carefully discussed by the learned judge of the lower court, and a long line of cases cited, unnecessary to be repeated at length here, which leave no doubt that the process of cleaning, sorting, and baling hair in

the manner above described, for sale to customers, and also for use in converting into articles of commerce, is not a manufacturing business within the provisions of the Act of July 22, 1913, P. L. 903. In support of this conclusion, we need only refer to the following in which the several employments referred to were held not to be "manufacturing" within the taxing acts cited: crushing stone into sand, Com. v. Dyer Quarry Co., 250 Pa. 589; roasting coffee, Com. v. Lowry-Rodgers Co., 279 Pa. 361; slaughtering animals and preparing the carcasses for market as meat, Com. v. Consolidated Dressed Beef Co., 242 Pa. 163; and other cases cited by the court below. A different product must be produced to bring the corporation within the exemption clause of the act, which is not the case here.

As the settlement made by the auditor general and state treasurer taxes only that portion of defendant's capital stock not actually engaged in manufacturing as above indicated in the opinion of the court below, the judgment should be affirmed.

The judgment is affirmed at appellant's costs.