Commonwealth *v.* Philadelphia Toilet and Laundry Company, Appellant.

Argued May 6, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*James J. Dougherty,* with him *John R. Scholl,* for appellant.

*Frank A. Sinon,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 20, 1940:

This is an appeal from the judgment of the court below sustaining the Commonwealth's capital stock tax settlement against appellant.

During the year 1932 appellant conducted a general laundry business. In addition, it supplied such items of apparel as barber's coats, trousers, towels, doctor's coats, etc., to customers on a weekly or monthly basis, for which the customers paid a weekly or monthly fee. These it kept clean. Appellant also supplied cabinets, brushes, combs and soap to customers desiring them. About 25% of the receipts were derived from the articles supplied.

The tax settlement was made pursuant to section 21 of the Act of June 1, 1889, P. L. 420, as last amended by the Act of April 25, 1929, P. L. 657, 72 PS Sec. 1871, which imposes a tax of five mills on the capital stock of corporations. The act exempts from the tax corporations organized for laundering, but provides "every corporation, . . . organized for the purpose of laundering . . . shall pay the State tax of five mills herein provided, upon such proportion of its capital stock, if any, as may be invested in any property or business not strictly incident or appurtenant to the laundering . . . business . . . it being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the laundering . . . plant and business."

The Commonwealth contends that so much of the capital stock of defendant as is engaged in the supply business is subject to tax and accordingly based the tax settlement on the formula which appears in the Reporter's notes.

Appellant contends that the supply business was actually a part of the laundry business or at least "incident or appurtenant" to such business and hence the portion of its capital stock so invested is exempt from tax. Tax exemptions must be strictly construed: *Com. v. Sunbeam Water Co.*, 284 Pa. 180, 130 A. 405; *Com. v. McCrady-Rodgers Co.*, 316 Pa. 155, 174 A. 395. When account is taken of the nature and character of the services rendered in connection with the supply features of the business, it cannot be said that these activities constituted laundering or that they are strictly incident or appurtenant to the laundering business. The court below properly determined that the portion of the capital stock so engaged was subject to tax.

Appellant argues that the investment in towels, coats, aprons, etc., was for the purpose of protecting its laundry business and thus to utilize machinery and equipment to greater advantage. It may well be that sound

business practice dictates that appellant should conduct the supply business in connection with the laundry business, but it does not follow from this that the capital invested in such business should be relieved from the tax: *Com. v. Lackawanna I. & C. Co.*, 129 Pa. 346, 18 A. 1120; *Com v. Juniata Coke Co.*, 157 Pa. 507, 27 A. 373.

Appellant attacks the formula adopted by the Commonwealth to ascertain the amount of capital subject to tax. The contention is that the tax should be levied only upon the assets actually invested in coats, aprons, towels, etc., and delivery equipment. To adopt such a proposition would be to disregard the fact that the other assets of appellant, such as its plant, machinery and equipment have a direct relationship to the supply business, because in connection with it they are used. Any formula which disregards this would be inequitable and unjust. In order to properly assess the tax, in view of the provisions of section 21, some formula must be used in order that the proportion of the capital stock subject to tax may be ascertained. As pointed out by the court below, the formula applied results in a substantially accurate determination of the part of defendant's capital stock subject to tax.

Judgment affirmed.

Mr. Justice BARNES took no part in the decision of this case.