Commonwealth, Appellant, *v.* Clark.

Argued January 19, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*E. Russell Shockley,* Deputy Attorney General, with him *William I. Troutman* and *Claude T. Reno,* Attorney General, for appellant.

*Daniel W. Kearney,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 23, 1942:

Appellee is in the meat packing business. He contends, and the court below sustained his position, that

he is not liable for a mercantile license tax upon that part of his business which involves the division of the carcasses of animals and putting them in cold storage rooms for subsequent sale to butchers and others. It is argued in his behalf that placing them in cold storage rooms is "processing and curing" meat.

The Mercantile License Act of May 2, 1899, P. L. 184, as amended by the Act of July 10, 1941, P. L. 358, 72 PS Supplement Sec. 2622, provides that each wholesale vender or wholesale dealer in goods, wares and merchandise shall pay an annual mercantile license tax, with the proviso that the act "shall not apply to the taxation for mercantile license purposes . . . of wholesale venders or wholesale dealers, so engaged in the business of the processing and curing of meats, their products and by-products, . . . but every wholesale vender or wholesale dealer so engaged . . . shall pay the mercantile license tax herein imposed upon such proportion of its business, if any, which is not strictly incident or appurtenant to the processing and curing of meats, their products and by-products . . . it is the object of this proviso to relieve from the mercantile license tax, only . . . so much of the whole volume, gross, of business transacted annually by wholesale venders or dealers as is realized from the processing and curing of meats, their products and by-products . . .". It will be seen that what is exempted is that portion of the business which has been subjected to "processing and curing." Does placing fresh dressed meat in cold storage constitute "processing and curing"? We think not.

The court below was of opinion that *Commonwealth v. Fried & Reineman Packing Co.,* 330 Pa. 124, 198 A. 801, rules in defendant's favor and exempts him from the tax on so much of his fresh dressed meat business as is placed in cold storage. In that case, however, the commodity was lard and as the opinion shows, the substance out of which the lard was produced was both processed and cured. It is stated that the raw materials

used to produce lard upon exposure to normal temperature will become putrid and rancid within twenty-four to forty-eight hours. (It is common knowledge that meats, unless cured, will start to decay and spoil, in the same or less time.) It was pointed out that the lard was treated so that it was "cured", to preserve it from decay and deterioration and to enable it to be kept for a long period of time without becoming rancid. It cannot be successfully maintained here that the meat is "cured", in the understood sense of that term, by putting it in refrigeration. It is preserved from deterioration while so kept, but upon removal becomes subject to decay. "Curing", as employed in the trade of meat packing, is the permanent halting, not a mere temporary suspension, of the destructive processes of nature. Every careful housewife keeps her meat in a refrigerator to preserve it pending use; no one would think of saying that in so doing she "cured" it, and no more can it be said that the putting of defendant's meats in cold storage rooms "cures" them. The meats when taken out of refrigeration are "fresh" meats, not "cured" ones.

As was said by the Supreme Court of Florida in *Florida Packing & Ice Co. v. Carney*, 51 Fla. 190, 41 S. 190, 192, "Meats technically known as 'cured', from having them treated with salt, smoke, etc., keep in an edible condition indefinitely even in the warmest latitudes, whereas the same meats when untreated and fresh, though capable of being kept in their fresh and natural condition for long periods in a low temperature either natural or artificial, quickly spoil, become putrid, and unfit for use when subjected to high or even mean or ordinary temperatures." Since the question is one of an exemption from a tax, the defendant had the burden of proving his release: *Com. v. Lackawanna I. & C. Co.*, 129 Pa. 346, 18 A. 1120. The exemption provisions of a tax must be strictly construed: *Com. v. Phila. Toilet & Laundry Co.*, 339 Pa. 261, 13 A. 2d 411. The very language of the statutory exemption indicates a restrictive

intent in that meat dealers shall pay the tax upon that "which is not strictly incident or appurtenant to the processing and curing of meats."

Defendant has not shown anything to bring him within the exemption and for that part of his fresh dressed meat business which involves only the cold storage process defendant is liable for the tax.

The order of the court below striking off the appraisement and assessment of the tax is reversed, with direction to enter judgment for such amount of tax as shall be shown to be due.