## McGuire et al. *v.* Pittsburgh School District, Appellant.

Argued May 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Mortimer B. Lesher* and *N. R. Criss,* for appellant.

*Mead J. Mulvihill,* with him *Mulvihill, Gollmar, Herron & Grier,* for appellees.

*C. Brewster Rhoads,* with him *Donald McDonald, Stephen T. Dean* and *Edward B. Soken,* for School District of Philadelphia, amicus curiæ.

*Irvin Stander* and *Morris Goldman* filed a brief for Patrick Cavanaugh et al., amici curiæ.

OPINION BY MR. JUSTICE HORACE STERN, July 6, 1948:

This case is similar in all respects to *Puntureri v. School District of Pittsburgh,* 359 Pa. 596, 60 A. 2d 42, except that the plaintiff here, instead of being the operator of a restaurant holding a retail liquor license, is engaged in the business of selling malt and brewer beverages and holds a license, not under the Pennsylvania Liquor Control Act of November 29, 1933, Spec. Sess., P. L. 15, but as a distributor under the provisions of the Beverage License Law of May 3, 1933, P. L. 252. The court granted an injunction restraining the School District of Pittsburgh from attempting to collect from him the mercantile license tax imposed by the Act of June 20, 1947, P. L. 745.

The only question here which was not involved in the *Puntereri* case arises because of the amendment of section 9 of the Beverage License Law by the Act of December 20, 1933, Spec. Sess., P. L. 75, whereby there was added to that section the following paragraph: "No licensee under this act shall be required to obtain any

mercantile license whatsoever to sell malt liquors, and every licensee under this act, who is also the holder of a mercantile license, may deduct the gross income received from sales of malt liquors from his gross income from all sources in making his returns for mercantile license tax purposes." Plaintiff claims that this express exemption relieves him from the payment of the tax on "wholesale vendors or dealers in goods, wares and merchandise" imposed by the Act of 1947.

At the time of the enactment of the amendatory Act of December 20, 1933 there were in force the mercantile license tax Act of May 2, 1899, P. L. 184, and several other mercantile tax acts relating to special occupations. All of these were repealed by the Act of May 7, 1943, P. L. 237, which declared that "the Mercantile License Tax System is hereby abolished in its entirety. . . ." Under the well-known principle of strict construction applicable to every provision exempting persons and property from taxation * it is clear that the provision in the Act of December 20, 1933 that no licensee thereunder should be required to obtain a mercantile license to sell malt liquors, and that he might deduct the gross income received from sales of such liquors from his gross income from all sources in making his returns for mercantile license tax purposes, was intended to refer only to the mercantile license tax system then in existence, so that, with the repeal of that system by the Act of 1943, the purpose of the exemption had been accomplished, its function had been fully performed, and it ceased thereupon to be further operative. Indeed, even if the legislature *had* intended thereby to exempt licensees under the Beverage License Law from mercantile license taxes that might be imposed by *future*

---

* *Commonwealth v. Sunbeam Water Co.*, 284 Pa. 180, 183, 130 A. 405, 406; *Commonwealth v. Wark Co.*, 301 Pa. 150, 153, 151 A. 786, 787; *Commonwealth v. Densten Felt & Hair Co.*, 304 Pa. 536, 537, 156 A. 164, 165; *Taylor Appeal*, 347 Pa. 311, 313, 32 A. 2d 406, 407; Statutory Construction Act of 1937, P. L. 1019, sec. 58 (5).

statutes, it would not, of course, have had the power thus to control subsequent legislation.

The sole question, therefore, just as in the *Puntureri* case, comes down to this: Does the phraseology of the Act of 1947 clearly and unequivocally indicate an intention on the part of the legislature that the tax thereby imposed is to be paid by persons holding distributors' licenses under the Beverage License Law, and engaged in the sale of malt and brewed beverages, the same as by persons conducting any other business enterprises? The Act covers generally all "vendors, or dealers in goods, wares and merchandise"; it exempts only [section 1(4)] "any mechanic who keeps a store or warehouse at his place of manufactory or workshop in which he sells only his own manufactures, any person vending or disposing of articles of his own growth, produce or manufacture, or any hawker or peddler licensed under any law of this Commonwealth". It seems to us entirely clear, therefore, that the sweeping language of the statute, limited only by these express exemptions, is not only most comprehensive, but sufficient to override any previous statutory exemption even if there were any such then in existence.

Decree reversed, plaintiff to pay the costs.