## Commonwealth *v.* Union Collieries Company, Appellant.

Argued November 11, 1952. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Roy J. Keefer,* with him *Joseph G. Robinson, Reed, Smith, Shaw & McClay* and *Hull, Leiby & Metzger,* for appellant.

*George W. Keitel,* Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1953:

The appellant, Union Collieries Company, a Pennsylvania corporation, claimed an exemption in its capital stock tax report for so much of the value of its voting shares (less than a majority) in another corporation as represented property or assets located or having their legal situs without the Commonwealth. The Department of the Auditor General disallowed the claim as did also the Board of Finance and Revenue. On appeal to the Court of Common Pleas of Dauphin County, the case was tried to the court without a jury. The learned trial judge unexceptionably found all material and relevant facts and rejected the defendant's claim. Judgment for the Commonwealth was accordingly entered which the court en banc confirmed; and the defendant brought this appeal.

The statute upon which the appellant bases its claim to exemption is the Act of April 20, 1927, P. L. 311,

as amended by the Act of June 22, 1931, P. L. 687, which in presently material part reads as follows: "Section 1. . . . whenever any corporation, limited partnership, joint-stock association, or company, incorporated or formed under the laws of this Commonwealth, and liable to the payment of tax upon its capital stock, or specifically exempted therefrom under the laws of this Commonwealth, shall own, either directly or through subsidiary or sub-subsidiary corporations, a majority of the total issued and outstanding shares of voting stock of any corporation, limited partnership, joint-stock association or company, then, in such cases, so much of the value of all shares of stock, so owned in such other corporation, limited partnership, joint-stock association, or company, as represents property or assets located or having a legal situs without this Commonwealth, shall not be liable to taxation, under the laws of this Commonwealth providing for the taxation of capital stock of corporations, limited partnerships, joint-stock associations, and companies, but shall be excluded in determining the value of the capital stock of such owning company for purposes of taxation."

The facts, none of which is in dispute, revolve about the stock-owning relationship of three corporations, to wit, the defendant company, the Bessemer Coal and Coke Corporation (of Pennsylvania) and Consolidation Coal Company, a foreign corporation, all of whose property or assets were located or had their legal situs without the Commonwealth. For convenience, each of these corporations will be referred to hereinafter by the first name of its corporate title.

During the taxable period involved, viz., the last eight months of 1944, Union was a subsidiary of Bessemer, the latter company owning 117,483 shares of the former's 121,540 outstanding shares of common

stock for a 96.662% stock ownership. Bessemer also owned directly 17.02% of the outstanding voting shares of Consolidation while Union owned 33.19% of Consolidation stock for a total apparent ownership by Bessemer, directly or through its subsidiary (Union), of 50.21% of Consolidation stock. Bessemer did not, however, claim exemption in its capital stock tax report for the period in question for the value of its putative majority ownership of Consolidation stock. It deducted, in the report to the State's taxing agency, only the value of its 17.02% of Consolidation stock which it owned directly. In addition to such deduction, the State's taxing authorities also allowed Bessemer an exemption for the value of its 96.662% ownership of Union stock. However, Union claimed exemption for itself for its direct ownership of 33.19% of Consolidation stock which Bessemer, the indirect owner, had not deducted in its capital stock tax report.

In support of its claim, Union argues that the legislative intent of the 1931 amendment was to prohibit the imposition of the capital stock tax[1] on any part of the majority ownership of corporate stock representing property or assets without the Commonwealth and that such exemption is apportionable among the parent and its locally domiciled subsidiaries to the extent, in the case of the latter, of their respective direct ownerships of such stock. It is unnecessary here to go into the statutory and decisional history of capital stock tax exemptions, in connection with local corporate stock ownership representing foreign corporate assets, upon which Union predicates its argument. The statute here involved is too plain for controversy. Indeed, it is a little difficult to see how the appellant's con-

---

[1] Imposed by Section 21(a) of the Act of June 1, 1889, P. L. 420, as amended, 72 PS §1871.

tention could be seriously pursued after the clear and cogent opinion of the learned trial judge, or, at least after the equally cogent and dispositive opinion for the unanimous court en banc. All that is required for complete answer to the claim is an impartial reading of the plain words of the statute and a faithful application of its unambiguous meaning to the facts of the case, bearing in mind that tax exemptions are to be strictly construed and not extended by implication (a principle that has been enunciated and uniformly approved in an unbroken train of cases from *Academy of Fine Arts v. Philadelphia County,* 22 Pa. 496, 497, to *McGuire v. Pittsburgh School District,* 359 Pa. 602, 604, 60 A. 2d 44) and that, "When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551; see also *Commonwealth ex rel. v. Cartwright,* 350 Pa. 638, 645, 40 A. 2d 30.

By the express terms of the Act of 1931, the exemption therein authorized inures to a domestic corporation "owning", directly or subsidiarily, *a majority* of the voting stock of another corporation; and, it is so much of the value of all shares of stock *so owned* that is not liable to taxation but is excludible in determining the value of the capital stock of *such owning company.* Manifestly, by no process of permissible interpretation, can it be said that Union, the owner of but 33.19% of Consolidation stock, is entitled to an exemption in its capital stock tax report for the value of such stock. And, that is an end of the case.

It is therefore unnecessary for us to consider the additional reasons advanced by the Commonwealth why the exemption claimed by Union was properly disallowed. Two of such reasons rest upon the premise that

Bessemer did not own a majority of Consolidation's voting shares, either directly *or* indirectly, regardless of whether "or" be considered conjunctive or disjunctive.[2] While Bessemer's ownership of a majority of Consolidation stock is a *sine qua non* to Union's claim to a pro tanto exemption because of its 33.19% ownership of such stock, it is especially appropriate that we do not pass upon the quantum of Bessemer's direct or indirect ownership of Consolidation stock inasmuch as the case "does not involve the propriety of the settlement of the Bessemer Company, or its rights with reference to direct or indirect ownership of the shares involved", as the learned judge who wrote the opinion for the court en banc aptly observed. The Commonwealth also points out, not unimportantly, that Bessemer was allowed a deduction in its capital stock tax report to the extent of the value of its almost total (viz., 99.662%) ownership of Union stock which represented the asset value of Union's Consolidation stock and argues accordingly that to ascribe to Bessemer a majority ownership of such stock, based partly upon Union's holding, would be to accord to Bessemer, to the extent of the value of Union's ownership of Consolidation stock, a double exemption which is no more

---

[2] If "or", where used in the statute in relation to the two specified kinds of ownership by a domestic corporation of another corporation's stock, be conjunctive, Bessemer, according to the Commonwealth's contention, owned less than a majority of Consolidation stock, i.e., it owned directly 17.02% of such stock and indirectly 96.662% of Union's 33.19% or 32.08% for a total direct and indirect ownership of 49.1%.

If, however, "or", as used in the Act, is disjunctive (see *Commonwealth ex rel. Shumaker v. New York & Pennsylvania Company, Inc.*, 367 Pa. 40, 57, 79 A. 2d 439, citing with approval *Smith v. Farley*, 140 N.Y.S. 990), obviously Bessemer did not own a majority of Consolidation stock *either* directly *or* indirectly through subsidiaries.

permissible under the rule of construction applicable to a tax statute than is double taxation: cf. *Commonwealth v. Fall Brook Coal Co.*, 156 Pa. 488, 495, 26 A. 1071.

Judgment affirmed.