## Albright College Tax Assessment Case.

Argued June 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and HANNUM, JJ. (HOFFMAN, J., absent).

*Frederick G. McGavin,* County Solicitor, with him *James H. Murray,* Assistant County Solicitor, for appellant.

*Raymond C. Schlegel,* with him *Edward P. Najarian, Carl F. Mogel,* and *Balmer, Kershner, Mogel and Speidel,* for appellee.

OPINION BY HANNUM, J., December 12, 1968:

Is the residence of the president emeritus of Albright College wherein he resided during his tenure as president, owned by the College and directly across the street from the eastern boundary of the main campus, exempt from local taxation?

The property in 1964, then the president's residence, was exempt and taken from exempt to taxable for the year 1965. Albright College paid taxes during 1965 and 1966.

The Vice-Chairman of the County of Berks Assessment Board testified that the reason the property was removed from the exempt list in 1965 was because it was no longer occupied by the president of the College.

In 1967 Albright College appealed the assessment as excessive and as wholly or partially exempt. Later the parties stipulated that the assessment was fair and reasonable. Following the appeal by Albright College from the refusal of the Board for the Assessment and Revision of Taxes of Berks County to exempt the resi-

dence from taxation, the court below held that the residence was exempt.

The propriety of that ruling is now before us. The critical issue of this dispute is the use to which the residence of the president emeritus is put.

Applicable legal principles were stated by Mr. Justice JONES in *University of Pittsburgh Tax Exemption Case*, 407 Pa. 416, 418, 180 A. 2d 760 (1962) : "The Constitution exempts nothing from taxation but simply permits the General Assembly to exempt within a limited and restricted area: City of New Castle v. Lawrence County, 353 Pa. 175, 44 A. 2d 589. Section 1 of Article IX of the Constitution authorized the General Assembly to exempt from taxation 'public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity and real and personal property owned, occupied, and used by any branch, post or camp of honorably discharged soldiers, sailors and marines.' Section 2 of the same Article provides: 'All laws exempting property from taxation, other than the property above enumerated shall be void.'

"Pursuant to this constitutional authority, the General Assembly under The General County Assessment Law, Section 204 provided: 'The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit: . . . (c) All hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence, or charity, including fire and rescue stations, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity: Provided, That the entire revenue derived by the same shall be applied to the support and to increase the effi-

ciency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose; (1) . . . Except as otherwise provided . . . all property, real or personal, other than that which is in actual use and occupation for the purposes specified in this section, and all such property from which any income or revenue is derived, other than from recipients of the bounty of the institution or charity, shall be subject to taxation, . . . .'

"In the disposition of this appeal we are bound not only by the provisions of the Constitution and the Act of 1933, supra, but also by certain principles well settled in this area of the law. In the first place, a claimant for a tax exemption has the burden of bringing himself within the exemption statute: Wynnefield United Presbyterian Church v. City of Philadelphia, 348 Pa. 252, 35 A. 2d 276; Com. v. Clark, 344 Pa. 155, 25 A. 2d 143. In the second place, statutory provisions exempting property from taxation are subject to a strict, not a liberal, construction (Statutory Construction Act of May 28, 1937, P. L. 1019, §58, 46 PS §558(5); Y.M.C.A. v. Reading, 402 Pa. 592, 167 A. 2d 469; McGuire v. Pittsburgh School District, 359 Pa. 602, 60 A. 2d 44; Meadville City v. Odd Fellows' Home, 128 Pa. Superior Ct. 180, 193 A. 662) and to this rule of construction there is no exception in the case of property owned by nonprofit educational institutions devoted to educational purposes and objectives."

*University of Pittsburgh Tax Exemption Case*, 407 Pa. 416, 180 A. 2d 760 (1962), held that a president's or chancellor's residence could enjoy tax exemption, where the record showed that the majority of the events for which the residence was utilized bore a direct relationship to the proper functioning of the University of Pittsburgh and served its aims and objectives. In this appeal the record does not support the test laid

down in the *University of Pittsburgh Tax Exemption Case.* This record reflects that the president emeritus is retained on a consultative basis in development and public relations. The residence provided the president emeritus by the Trustees appears to properly afford him an appropriate dwelling house commensurate with his past worthy service to Albright College. The record does not support, as in the case of the chancellor's residence of the University of Pittsburgh, that the residence in fact was used for the general purposes of Albright College. Although we are guided by the Constitution and the laws thereunder at this date, it is current and significant to note that the declared intent of the citizens of the Commonwealth of Pennsylvania in the area of tax exemption was to support Constitutional Proposal No. 5, where the limitations imposed on tax exemption are even more strictly defined and prohibit the exemption of property that has only a peripheral relationship to charitable purposes. Constitutional Proposal No. 5 limits exemption from taxation to "Institutions of purely public charity, but in the case of any real property tax exemptions only that portion of real property of such institution which is actually and regularly used for the purposes of the institution." Under the Constitution and the Act of May 22, 1933, P. L. 853, as amended, 72 PS §5020-101 et seq., the residence of the president emeritus of Albright College fails to qualify for tax exempt status.

Order reversed.

HOFFMAN, J., took no part in the consideration or decision of this case.