## Mercy Convalescent Home, Inc. v.
## City of Chester

*John M. Gallagher, Jr.*, for plaintiff.
*Joseph F. Battle, Gerald J. Spitz, Francis P. Connors* and *Charles C. Keeler*, contra.

deFURIA, *J.*, August 13, 1975—This case has been before our court for years.

We now have before us the preliminary objections of defendants to plaintiff's first amended complaint.

Plaintiff seeks to restrain defendants from collecting any real estate taxes on certain property owned by plaintiff in the City of Chester, and for an accounting and reimbursement of all taxes collected since 1959.

Plaintiff's original complaint made the same allegations and requested the same relief. On March

14, 1972, this court, acting on preliminary objections, ordered plaintiff "to file an Amended Complaint . . . setting forth the statutory grounds upon which its claim is based and to allege facts which clearly support that claim," as required by law set forth in the court's opinion.

Before reviewing plaintiff's amended complaint, we must note that equity affords a remedy against an assessment of a wholly exempt property, but not for an overassessment or an inadequate assessment. For relief from the latter, the taxpayer must appeal from the assessment: 36 P.L.Encyc., Taxation, p. 74, sec. 107; Wynnefield United Presbyterian Church v. City of Philadelphia, 348 Pa. 252, 35 A. 2d 276 (1944). Therefore, it would appear that plaintiff's demand for an accounting and for a refund are not properly cognizable in equity because of the existence of a specific statutory remedy (appeal from assessment), and an available legal remedy (assumpsit).

Nevertheless, since equity will entertain the issue of exemption, the collateral issues of an accounting for past taxes paid and refund should be disposed of in the same proceeding.

The treasurer defendants do not levy taxes, but collect same. The complaint asks to enjoin collection, thus, said treasurers are proper parties-defendant.

Plaintiff avers that only nominal taxes have been paid. Its main thrust is to have a legal declaration of exemption. The public nature of a corporation or of the use of property which will support a tax exemption is a judicial question: Independence Township School District Appeal, 412 Pa. 302, 194 A. 2d 437 (1963).

Has plaintiff averred *statutory grounds* for the exemption claimed? Wynnefield United Presbyterian Church, supra; Albright College Tax Assess-

ment Case, 213 Pa. Superior Ct. 478, 249 A. 2d 833 (1968). Has it averred *facts* to clearly support its claim?

Paragraph 9 avers that in 1937 plaintiff incorporated as "Mercy Hospital of Chester."

Paragraph 12 avers that on April 29, 1959, the articles of incorporation were amended, and its name changed to "Mercy Convalescent Home."

Paragraph 13 avers that the purposes clause was amended to read:

"The purpose or purposes of the proposed corporation are to maintain, conduct and manage a rest and convalescent home for the treatment and relief of sickness and pain and suffering among the people of the City of Chester and vicinity and for the succor and assistance of persons requiring convalescence without regard or distinction as to race or creed. To own, lease, acquire and hold real estate for the charitable and eleemosynary purposes above described."

Thus, clearly plaintiff's purpose is to operate a rest and convalescent home, and not a hospital, although both a convalescent home and a hospital treat sickness and relieve pain and suffering. These purposes are then gratuitously stamped as "charitable and eleemosynary."

In paragraph 15, plaintiff avers "reasons" for the claimed exemption:

(a) The prior tax exemption granted to Mercy Hospital by this court in 1938. Obviously, present plaintiff must qualify. A use may change. Plaintiff's property was placed back on the tax rolls in 1959, and plaintiff did not object or appeal, and, in fact, paid some of the taxes levied.

(b) "Plaintiff is a public charity." This is a conclusion of both fact and law. Plaintiff does thereafter allege "facts" in support of its claim.

(c) "Plaintiff is a hospital." This too is a conclusion of both fact and law. Plaintiff avers alleged facts in support of its claim. But plaintiff adds that, as a hospital, it is exempted from taxation by the County Assessment Law of May 22, 1933, P.L. 853, art II, sec. 204(c), as amended.

(d) "Other institutions substantially identical to Plaintiff in purpose" are exempted. This allegation is irrelevant.

Thus, the *only* statute cited by plaintiff as a basis for exemption is the County Assessment Law of May 22, 1933, P.L. 853, art. II, sec. 204(c), as amended, 72 PS §5020-204(c). This is the same statute plaintiff relied upon to sustain its original complaint, and this court, in its prior opinion, stated: "This Act does not specifically exempt convalescent homes from taxation."

Plaintiff has attempted to comply with our prior directive by a conclusive averment that it is a "hospital." However, paragraph 15(c) avers, in support of its conclusion:

"1. That it operates a convalescent home for aged and infirm elderly citizens who are indigent, many of whom require care of the quality and degree available only in institutions known as hospitals;

"2. The Pennsylvania Department of Public Assistance, Office for the Aging, sets standards for care and facilities and periodically rates the Plaintiff."

These allegations fall short of factual averments showing that plaintiff operates a hospital. The statute specifically exempts "all hospitals . . . founded, endowed and maintained by public or private charity; provided, that the entire revenue . . . be applied to the support and to increase the efficiency and facilities thereof, the repair and the

necessary increase of grounds and buildings thereof, and for no other purpose."

Plaintiff's allegations of "fact" to support its claim that it is a "public charity," paragraph 14(b), merely state that the "patients" are charged a "nominal fee," and the State subsidizes the balance, which is less than the costs incurred by plaintiff, which has not yet realized a profit. Ninety-eight percent of the "patients" are State referred, but no mention is made of charges as to the other two percent.

These allegations in support of the "public charity" claim are insufficient.

Nowhere does plaintiff allege who its shareholders and officers are; the charges to patients; how the home is funded; who receives salaries, compensation or emoluments; what the facilities consist of; how the deficits alleged are paid, etc., etc.

The question whether a particular use is a purely public charity is a mixed question of law and fact, Independence Township School District Appeal, supra, as is the question whether the nursing home qualifies as a hospital. On the issue of income or revenue, see Shadyside Hospital Appeal, 207 Pa. Superior Ct. 261, 218 A. 2d 355 (1966); Vanguard School Tax Exemption Case, 430 Pa. 378, 243 A. 2d 323 (1968).

Since plaintiff has insufficiently pleaded, we will again permit amendment: 4 Standard Pa. Pract., chap. 13, sec. 25, p. 37. A preliminary objection in the nature of a demurrer should not be sustained unless it is clearly impossible for plaintiff to amend.

## ORDER

And now, August 13, 1975, the preliminary objections of defendants are dismissed, and plaintiff

is granted leave, within 20 days of the date hereof, to again amend its complaint in accordance with the opinions of the court.