# Christley, Appellant, *v.* Butler County.

*Constitutional law—Taxation—Exemption—Act of April* 20, 1905, *P. L.* 246—*Timber lands.*

The Act of April 20, 1905, P. L. 246, entitled, "An Act to encourage the planting and maintaining of sprout forest and timber-trees, and providing that those who thus aid shall be exempt from taxation; defining the duties of the township assessor of taxes, and penalties for violation of this act," violates secs. 1 and 2 of article 9 of the constitution of Pennsylvania relating to uniformity of taxation.

Submitted May 12, 1908. Appeal, No. 91, April T., 1908,

by plaintiff, from judgment of C. P. Butler Co., June T., 1907, No. 51, for defendant on case stated in suit of A. M. Christley v. Butler County. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Case stated to determine liability for tax.

The case stated was as follows:

That A. M. Christley, plaintiff above named, was and is the owner of a tract of 170 acres, more or less, of land, situate in Centre township, Butler county, Pa.

That the said land was duly and regularly assessed by the proper assessor of said Centre township at the triennial assessment for the year 1907, for purposes of taxation, and the said assessment of the said land duly returned to the county commissioners of the county of Butler, Pa.

That due and legal notice of the assessment of the said land, and the day and date of the hearing of appeals from assessments as made by the assessor of said Centre township, were duly given by the county commissioners of Butler county, to, and received by, the said plaintiff.

That upon the day and date of the hearing of the appeals of said Centre township from the taxation and valuation as levied by the said assessor, by the said board of county commissioners, as a board of revision, the said plaintiff appeared before the said board of revision and claimed a reduction of eighty per cent on the tax on the valuation of the said land so as aforesaid made by the assessor of the said township to the amount of eighty per cent on 130 acres of the said tract of land, on the south side thereof, under the provisions of the act approved April 20, 1905, entitled: "An Act to encourage the planting and the maintaining of sprout, forest and timber trees, etc., P. L., 1905, 246, 247."

That affiant made, executed and filed with the said board of revision his affidavit of the facts in relation to his said land, and showing his right to the benefit and privileges and the exemption from taxation, as in the said act of assembly is mentioned and provided.

That the said board of county commissioners sitting as a

board of revision, declined and refused to allow the said plaintiff the said reduction of eighty per cent on 130 acres of the said land, under the provisions of the said act of assembly, they, the said board of revision, averring and alleging that the said act of assembly aforesaid was not constitutional, and retained and continued the assessment valuation of the said tract of land so belonging to the said plaintiff, in said Centre township, at the rate and price as fixed by the assessor of said township thereon, and without allowing any rebate or reduction whatever under plaintiff's claim as aforesaid.

That plaintiff feeling aggrieved at the action of the county commissioners sitting as a board of revision, and the assessor of the said township in refusing to allow him the reduction on his assessment of the said land, as claimed under the said act of assembly, took his appeal from the said action of the board of revision, within the time, and in accordance with the act of assembly in such case made and provided, and duly filed the same in the court of common pleas of the said county of Butler, at the above-stated number and term, and where the same is now pending.

That on June 25, 1907, the case was regularly called for hearing by the court in its regular order, when it was discovered that the question involved was solely one of law, and depended upon the construction and constitutionality of the said act of assembly of April 20, 1905, as aforesaid, and it was thereupon agreed by the parties, plaintiff and defendant, and their attorneys, that the matter should be placed in the nature of a case stated for the opinion of court, with the facts as above stated agreed upon.

Wherefore, if the court be of opinion after hearing and argument of this case that the said act of April 20, 1905, is a valid, constitutional act, then judgment to be entered in favor of the plaintiff, and his rebate on his assessment of the said land so as aforesaid returned, allowed under the provisions of the said act; and if the court be of the opinion after argument that the act is not a valid, constitutional act, then judgment to be entered for the defendant; either party reserving the right to appeal from the opinion of the court.

*Error assigned* was the judgment of the court in favor of the defendant.

*A. M. Christley* and *H. H. Goucher,* for appellant.—The taxing power of the state within the limits of the constitution is bounded only by the necessities of the state and will of the people: Washington Avenue, 69 Pa. 352; Fox's App., 112 Pa. 337; Weber v. Reinhard, 73 Pa. 370; Kittanning Coal Co. v. Commonwealth, 79 Pa. 100; Kitty Roup's Case, 81* Pa. 211; Williamsport v. Brown, 84 Pa. 438; Germania Life Ins. Co. v. Com., 85 Pa. 513; Banger's App., 109 Pa. 79; New Castle v. Cutler, 15 Pa. Superior Ct. 612.

But absolute equality is impossible of attainment in the application of laws affecting taxation: Com. v. National Oil Co., 157 Pa. 516; Fox's App., 112 Pa. 337; Erie v. Griswold, 184 Pa. 435; Franklin v. Hancock, 204 Pa. 110.

The constitution is to be liberally construed in the interest of laws enacted by the legislature for the public welfare: Com. v. Hartman, 17 Pa. 118; Weister v. Hade, 52 Pa. 474.

All the presumptions are in favor of the validity of statutes, and courts are not to be astute in finding objections to them: Sugar Notch Borough, 192 Pa. 349; Powell v. Com., 114 Pa. 265.

*James B. McJunkin,* with him *Williams & Mitchell,* for appellee.—Classification must be according to kind, and must not rest on a difference in quantity of the same kind: Cope's Est., 191 Pa. 1.

OPINION BY MORRISON, J., July 15, 1908:

The single question raised by this appeal is the constitutionality of the Act of assembly of April 20, 1905, P. L. 246, exempting certain real estate from taxation. It must be conceded that without that act of assembly the plaintiff's real estate was made, by the constitution and the general taxation laws of the state, subject to taxation precisely like similar property of other owners, "within the territorial limits of the authority levying the tax." We think the act of April 20,

1905, is an attempt by the legislature to exempt a class of real estate from taxation in the teeth of the constitutional mandate withholding from the legislature any such power. That we may deem it wise and praiseworthy in the legislature to encourage the cultivation and preservation of timber for the general public good is beside the question. A laudable purpose does not warrant a disregard of the fundamental law of the state. The statute in question is entitled: "An Act to encourage the planting and the maintaining of sprout forest and timber-trees, and providing that those who thus aid shall be exempt from taxation; defining the duties of the township assessor of taxes, and penalties for violation of this act." Section 1 of the act provides: "That in consideration of the public benefit to be derived from the planting and cultivation of forest or timber-trees, the owner or owners of any land or lands in this commonwealth who shall plant the same with forest or timber-trees, in number not less than three hundred to the acre, shall have a rebate in his or her or its taxes, to the amount of eighty per centum thereof, thereon, for a period of thirty five years: Provided that such rebate shall not amount to more than forty-five cents per acre," etc.

The second section of the act provides, "The owner or owners of any land or lands in this commonwealth who shall maintain upon said land or lands sprout forest or timber-trees, in number not less than three hundred to the acre, shall be entitled to and receive the rebate of taxes as provided in section 1," etc. The proviso in the sixth section of the act is as follows: "Provided, however, that the provisions of this act shall not be construed so as to. exempt from taxation more than five hundred acres, owned by any one person or body corporate, or limited co-partnership or association."

Sections 1 and 2, of article IX. of the constitution which it is contended are offended against by the act of April 20, 1905, are as follows:

Section 1. "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt

from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

Section 2. "All laws exempting property from taxation, other than the property above enumerated, shall be void."

The act of 1905, cannot be upheld as a classification act, because it is not based on any sustainable ground on that theory. This is ruled and settled, we think, in Cope's Estate, 191 Pa. 1 (see p. 22) where Mr. Chief Justice STERRETT says: "A pretended classification that is based solely on a difference in quantity of precisely the same kind of property is necessarily unjust, arbitrary and illegal. For example, a division of personal property into three classes with the view of imposing a different tax rate on each,—class 1, consisting of personal property exceeding in value the sum of one hundred thousand dollars ($100,000), class 2, consisting of personal property exceeding in value twenty thousand dollars ($20,000) and not exceeding one hundred thousand dollars ($100,000), and class 3, consisting of personal property not exceeding in value twenty thousand dollars ($20,000)—would be so manifestly arbitrary and illegal that no one would attempt to justify it.

"The next clause of section 1, expressly authorizes the legislature to exempt from taxation four specified classes or kinds of property. This specific delegation of authority to exempt impliedly prohibits express exemption from taxation of any other property, but to place this matter beyond the reach of doubt, it is expressly ordained in section 2, that 'all laws exempting property from taxation other than the property above enumerated shall be void.' "

We think it quite clear that the legislature has not power to say that farms of fifty acres each shall be exempt from taxation, nor that they shall only be taxed one-half as much per acre as 500 acre farms.

The interesting and able argument of counsel for appellant has not convinced us that the act of 1905 is not in violation of the constitution. We find nothing in the authorities cited in the argument in conflict with our conclusion that the court

below did not err in holding said act unconstitutional and void. All of the cases cited rest on different grounds than the act of 1905. Among the cases relied on by counsel are Erie v. Griswold, 184 Pa. 435, affirming 5 Pa. Superior Ct. 132, and Franklin v. Hancock, 204 Pa. 110, affirming 18 Pa. Superior Ct. 398, but, in our opinion, these cases do not meet the difficulty encountered by the plaintiff. They all rest on reasons readily distinguishable from the question raised by attempting to enforce the act of April 20, 1905; that act attempts to exempt landed property from taxation while the constitution says in plain terms that the general assembly is without power to so legislate, except as therein enumerated.

We have already seen that the constitution, sec. 1, art. IX, in part reads: "But the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity." This is clear language and it embraces all of the property, otherwise subject to taxation, which the legislature has power to exempt from the general burden of taxation. The plaintiff's land being clearly subject to taxation, and not coming within the above-mentioned subjects, which may be exempted by the legislature, it seems to us that his case falls because the act of assembly under which he claims exemption is in conflict with the constitution and, therefore, void. The constitution enumerates the kind of property that may be exempted by the general assembly and this, by implication, necessarily excludes all other taxable property.

Under the act of 1905, the owner of real estate may devote it to the purposes mentioned in the act and thus escape his share of the burden of taxation until he shall have raised a valuable lot of timber, which he may then proceed to sell and put the money received therefor in his pocket. We do not think the legislature has the power to thus aid an owner of real estate to raise timber for his personal profit.

But why should we pursue this subject further? The learned court below adequately considered the single question raised in the record, and gave sufficient reasons for holding the Act

of assembly of April 20, 1905, P. L. 246, unconstitutional. We do not think it profitable to say more in view of the clear opinion of the learned judge below.

The appeal is dismissed at the costs of appellant, and the judgment is affirmed.

HEAD, J., dissents.