## Philadelphia *v.* Kolb, Appellant.

*Taxation — Suit for personal property tax — Failure to appeal
from assessment—Philadelphia personal property tax—Board of
revision—Estoppel—Acts of June 17, 1913, P. L. 517, and July 11,
1923, P. L. 1038.*

1. Where there is a power to assess taxes, the proper remedy for
an alleged illegal assessment is by appeal to the tribunal to which
application is by statute required to be made.

2. In an action by a city under the Act of July 11, 1923, P. L.
1038, to recover the amount of a personal property tax, defendant
cannot resist recovery if he fails to aver in his affidavit of defense
that he offered to file a proper return with the board of revision
of taxes, or that he took an appeal to the common pleas from the
assessment as provided by the Act of June 17, 1913, P. L. 517.

Argued January 17, 1927. Before FRAZER, WALLING,
KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 215, Jan. T., 1926, by defendant, from
order of C. P. No. 4, Phila. Co., Sept. T., 1925, No. 3244,
making absolute rule for judgment for want of sufficient
affidavit of defense, in case of City of Philadelphia v. L.
J. Kolb. Affirmed.

Assumpsit to recover amount of assessment of tax on personal property. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts. Rule absolute. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*Samuel R. Rosenbaum,* with him *David J. Smyth,* for appellant.—Defendant is not estopped from raising a defense by his failure to appeal from the board of revision to the common pleas. Where a tax assessment is fundamentally in violation of the authority conferred by the taxing statute, the defense may be raised in the suit brought by the local authorities to recover the tax, even after an omission to appeal: School Directors v. Bank, 8 Watts 289; Hospital v. Phila. Co., 24 Pa. 229.

*William Biggerstaff,* Assistant City Solicitor, with him *Joseph P. Gaffney,* City Solicitor, for appellee.— The failure to appeal from the assessments concludes the same: Van Nort's App., 121 Pa. 118; Phila. v. Phillips, 65 Pa. Superior Ct. 578; Stratford v. Paper Mills Co., 257 Pa. 163.

The charge of arbitrariness which appellant sets out does not account for the fact that he fails to deny that his personal property was commensurate with the assessments complained of.

OPINION BY MR. JUSTICE FRAZER, January 31, 1927:

The City of Philadelphia sued to recover personal property taxes amounting to $5,532.06 with penalties and interest, covering assessments against defendant for the years 1920, 1921 and 1922. The action was brought in assumpsit pursuant to the Act of July 11, 1923, P. L. 1038, relating to the collection of taxes in cities of the first and second classes. Defendant's affidavit of defense averred the assessments were arbitrary, unlawful and unjust, and contrary to the provisions of section 5 of

the Act of June 17, 1913, P. L. 507, for the reason that the amount was not based on the "best information they [the board of revision of taxes] can command from the records in their office or other sources," but was estimated by merely taking the last return made by defendant, adding fifty per cent to each year's assessment, and returning the total as the assessment of the current year. Judgment was entered by the court below for want of a sufficient affidavit of defense, on the ground that any objection to the amount of the assessment should have been raised by an appeal to the board of revision of taxes, and, having failed to follow this procedure, defendant was without right to question the assessment in an action to recover the taxes brought under the provisions of the Act of 1923.

Section 5 of the Act of 1913, supra, provides that if any person refuses or fails to make a return of his personal property the assessor shall make a return "from the best information he can obtain" and shall examine the records of judgments and mortgages filed with the board of revision of taxes and assess the taxpayer with the amounts of personal property so found and add thereto the amount of property obtained from all other sources. It then becomes the duty of the board of revision of taxes to revise and correct such return according to the best information they can obtain from the records and other sources, and add thereto fifty per cent of the whole. The taxpayer is permitted, on or before the day fixed for appeals from assessments, to present to the board any excuse for his omission to make a return and to submit a proper return which the board may permit to be filed as a substitute for that made by the assessor. The Act of April 19, 1889, P. L. 37, also confers on the property owner the right to appeal from any assessment made by the board of revision of taxes to the court of common pleas, and a further appeal to the Supreme or Superior Court is given by the Act of June 26, 1921, P. L. 601.

Defendant fails to aver in his affidavit of defense that he offered to file a proper return with the board or took an appeal to the common pleas court in accordance with the provisions of the above statutes. The general rule is that where there is a power to assess taxes the proper remedy for an alleged illegal assessment is by appeal to the tribunal to which application is by statute required to be made: Clinton School District's App., 56 Pa. 315, 317; Van Nort's App., 121 Pa. 118, 129; Moore v. Taylor, 147 Pa. 481, 484; Stratford v. Franklin Paper Mills Co., 257 Pa. 163, 166; Phila. v. Phillips, 65 Pa. Superior Ct. 578, 582. Although there are cases where this rule would not apply, as where an assessment is made without statutory authority or other reason for assessing the tax (School Directors v. Carlisle Bank, 8 Watts 289, 294; Hospital v. Phila. Co., 24 Pa. 229, 231), we find no denial in this case of the liability of defendant to assessment, the question being only as to the proper amount chargeable. If defendant thought the amount excessive, it was his duty to bring the matter before the board of revision of taxes and file with that board a correct statement as provided in the act. Failing to pursue this remedy, the question of the amount of the tax cannot be raised in this proceeding.

The judgment is affirmed.