## Perry Township and Shoemakersville Borough Assessments

*Charles K. Derr*, for petitioner.

*Leonard G. Yoder* and *Russell H. Yoder*, for Perry Township.

SCHAEFFER, P. J., April 6, 1931.—Wilson Mengel, a resident and freeholder of Perry Township, Berks County, has petitioned the court to declare the triennial assessment of the Borough of Shoemakersville as made for the year

1931 inequitable and unlawful and of no effect and to direct that a new assessment of the properties in said borough be made by the proper authorities. The petition recites that the Township of Perry and the Borough of Shoemakersville comprise one school district; that school taxes are levied on the county assessment; that the real estate of the township is assessed at approximately 100 per cent. of its fair market value, while that of the borough is assessed at only 30 to 75 per cent. of such value; and that, in consequence, the taxpayers of the township will be obliged to pay an unjust and inequitable amount of the school tax in said school district and an inequitable and unfair amount of the county tax.

To this petition the school district and the borough assessor demurred.

The petitioner is neither a resident of, nor the owner of any land situate in, the borough whose assessment he attacks. But he is a resident and taxpayer in the adjoining township, which, together with the borough, comprises one school district. He is, therefore, directly interested in the valuation placed upon the real estate of the borough, for if, as he avers, certain property in the borough is assessed at only 30 to 50 per cent. of its fair market value, and his is assessed at its actual market value, he will be called upon to pay an undue proportion of the sums necessary to conduct the affairs of the school district. But we are concerned here and now only with the power and authority of this court to grant him the relief for which he asks. He does not, in this proceeding, ask that his own assessment be reduced to make it equitable with those existing in the borough; he in effect asks us to strike down the borough assessment, to the end that a reassessment may be made of the borough property, which should be equitable with that of the township. He does not aver that the procedure followed in making the assessment in the borough did not comply in all respects with the statutory provision upon the subject, except that the assessor in the borough did not return "a just valuation" of the property situate within the borough: Act of May 15, 1841, P. L. 393, section 6. The grievance complained of is that the assessor of the borough and the assessor of the township did not return the same percentage of the actual valuation of all properties in making their respective assessments. But the petitioner has pointed to no decision or statutory provision. which vests in this court any power or authority to correct this condition by declaring illegal and void the existing borough assessment and ordering a reassessment. Nor do we know of the existence of any such authority in this court. The making of assessments and the levying of taxes are strictly statutory proceedings. ". . . the law governing assessments of land for the purpose of taxation is statutory, and neither the assessors, county commissioners, boards of revision, nor the courts on appeal have authority to proceed in any other manner than is prescribed by the statutes . . . Taxation is an incident of sovereignty but the power to levy and assess taxes and the methods of making valuations and assessments depend upon legislative authority. There is no implied power to impose taxes:" P. & R. C. & I. Co. v. Northumberland County Commissioners, 229 Pa. 460, 464. By the Act of July 27, 1842, P. L. 441, section 13, 72 PS § 5166, it is the duty of the county commissioners sitting as a board of revision, upon receiving the returns of the assessors, to examine the same and inquire whether the assessment was made in conformity with the laws and whether all taxable property has been included, and the act also provides: "They shall receive and consider the written communication of any taxable inhabitant of the county, relative to any property which such taxable inhabitant shall believe to have been reduced too low and on the day appointed . . . they shall proceed to raise the price or valua-

tion of any property which they shall believe to have been reduced too low," etc. This act establishes the procedure by which the petitioner could have had the matter of raising the assessments within the borough considered, but the tribunal by whom such application should, in the first place at least, be considered is the board of revision and not the court. The petition contains no allegation that any such application was made to the board of revision. The Act of April 19, 1889, P. L. 37, section 1, 72 PS § 5241, gives to each owner the right to appeal to the court of common pleas from the decision of the board of revision as to any assessment of his own property; and the person aggrieved by any assessment is limited to the procedure established by statute for his relief and cannot otherwise escape the payment of taxes regularly assessed: Philadelphia v. Kolb, 288 Pa. 359. So in our case this court can have no jurisdiction to grant the relief asked unless application were first made to the board of revision and the matter came to the court upon an appeal from the decision of such board.

As to the assessment of his own property, the petitioner has properly appealed to the board of revision of the county and from its decision to this court. In the matter before us, however, he has failed to follow that course.

And now, to wit, April 6, 1931, the petition is dismissed.