## Wynnefield United Presbyterian Church *v.* City of Philadelphia et al., Appellants.

Argued November 23, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Edwin S. Ward,* with him *Michael D. Hayes,* Assistant City Solicitors, *Robert McCay Green,* City Solicitor, and *Robert T. McCracken,* for appellants.

*A. E. Hurshman,* for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1944:

These appeals by the City, the School District, the Board of Revision of Taxes, and the Receiver of Taxes, complain of a decree restraining them from collecting city and school taxes for the years from 1927 to 1941, inclusive, from the Wynnefield United Presbyterian Church.

A distinction has been taken between the cases in which over-assessment or inadequate exemption has been alleged and the cases in which the property owner denies

the power to levy any tax. In the former, it has been held that the remedy is by appeal from the assessment, as the statute provides, and not in equity; in the latter, equity affords the remedy: *Kittanning Borough v. Armstrong County,* 347 Pa. 108, 109, 110, 31 A. 2d 710; *First Baptist Church of Pittsburgh v. Pittsburgh,* 341 Pa. 568, 574, 20 A. 2d 209; *Mauch Chunk Twp. Taxpayers' Ass'n v. Kern,* 339 Pa. 257, 260, 14 A. 2d 329; *Susquehanna Collieries Company's Appeal,* 335 Pa. 337, 343, 6 A. 2d 831; *Dougherty v. Philadelphia,* 314 Pa. 298, 301, 171 A. 583; *Miller v. Northampton County,* 307 Pa. 550, 558, 162 A. 209; *Philadelphia v. Kolb,* 288 Pa. 359, 362, 136 A. 239; *Christ Church Hospital v. Philadelphia,* 24 Pa. 229; *Pittsburgh School District v. E. S. S. Land Co.,* 140 Pa. Superior Ct. 590, 596, 14 A. 2d 619; *York County Agricultural Soc. v. York County,* 119 Pa. Superior Ct. 85, 92, 179 A. 893; *Chevra A. C. A. C. v. Philadelphia,* 116 Pa. Superior Ct. 101, 107, 176 A. 779; *Dougherty v. City of Philadelphia,* 112 Pa. Superior Ct. 570, 578, 172 A. 177.

The learned court below enjoined defendants on the ground that there was no power to tax.

About 1926 the plaintiff acquired three adjoining lots of ground, each having a frontage of 60 feet and a depth of 160 feet on the east side of 54th Street. On what may be generally described as the central portion of this lot, a church was erected somewhat back from the sidewalk. South of the church, as a witness said, there was erected a "Manse and the Manse has an office which is attached to the house and to the Church." South of the manse is a driveway occupying the extreme southern end of the property. The southern portion of the land containing the manse and driveway was assessed for taxes; the church and a strip 15 feet wide adjoining the church on its northern side were exempted; the remaining 50 feet, vacant ground, was assessed for the taxes now in dispute. The plaintiff contends that this portion of the property should also have been exempted pursuant to Article IX, section 1, of the Constitution and the Act

of March 17, 1925, P. L. 39, as amended by Act of May 22, 1933, P. L. 853, Art. II, section 204, 72 PS section 5020-204. It is thus clear that the owner of the tract properly concedes that the southern part of the property is taxable but contends that inadequate exemption has been allowed as to the northern part. The method of reviewing such action of the taxing authorities is by appeal from the assessment to the common pleas as cases cited above hold. The decree must therefore be reversed.

We may add, however, that we have also examined the record to see whether the decree assigned for error is supported by evidence on the theory on which the plaintiff proceeded in the court below and must conclude that the evidence does not support the decree, and, for that reason also, we should have been required to sustain these appeals.

In the opinion filed in disposing of the exceptions to the adjudication, the learned court said: "Exception, however, has been taken to finding of fact No. 8, to wit: 'The lot sought to be taxed is reasonably necessary for the occupancy and enjoyment of the church building, to provide a means of ingress and egress for the congregation and to permit the church structure as built, to have sufficient light and air.' In our opinion the sole issue presented herein devolves upon the finding of fact last quoted." The occasional use of the lot for open air services was not sufficient to bring the vacant lot within the definition of a "regular place of stated worship." Our examination of the evidence on the "sole issue" specified by the learned court, requires us to conclude that it does not support the finding that the lot is reasonably necessary as a "means of ingress and egress for the congregation and to permit the church structure as built, to have sufficient light and air,". . . .

On the north side of the church and between it and the southern boundary of the 50 feet vacant lot, there are 15 feet of vacant ground which are not taxed, five feet of which are paved as a walkway extending along-

side the church to a door to the Sunday School room accessible from the walkway. The church has two entrances from 54th Street. The Sunday School room may also be entered from the church itself. Mr. Martin, Chairman of the board of trustees, the only witness on the subject, testified that in "an unforeseen emergency" "the logical place to escape for children" would be from the Sunday School exit to the paved way on the north side of the church and from there "directly on to the lot." There is no evidence that the untaxed strip fifteen feet wide is not sufficient for such ingress and egress or to furnish light or air for the church. Mr. Martin's testimony does not sustain the finding of fact which, as the learned court below said, constituted "the sole issue presented." A claimant for exemption must bring himself clearly within the exempting statute: *Dougherty v. Philadelphia*, 314 Pa. 298, 302, 171 A. 583.

The decree is reversed, the record is remitted with instructions to dismiss the bill, each party to pay its own costs. This decree is of course without prejudice to the right of the plaintiff to appeal, as the statute provides, from any current assessment.