## Atlas Metal Stamping Company v. City of Philadelphia et al.

*J. L. Baxter*, for plaintiff.
*Joseph H. Lieberman*, for defendants.

GORDON, JR., P. J., May 22, 1947.—This bill in equity is brought by the Atlas Metal Stamping Company, a private business corporation, to restrain the City and School District of Philadelphia from collecting taxes for the years 1946 and 1947 upon a piece of real estate owned and leased by plaintiff for playground purposes to the Northeast Boys' Club, an incorporated and concededly recognized and approved playground association, on the ground that the leased land is exempted from taxation by section 204(*j*), of The General County Assessment Law of May 22, 1933, P. L. 853. That act, which in its title and preamble declares it to be an amendment, revision and consolidation of existing tax legislation, exempts certain playgrounds from taxation in section 204(*j*) in the following language:

"*All playgrounds*, with the equipments and grounds thereto annexed, necessary for the occupancy and en-

joyment of the same, *founded, endowed, or maintained by public or private charity, which apply their revenue to the support and repair of such playgrounds* and to increase the efficiency and facilities thereof, either in ground. or buildings, or otherwise, *and for no other purpose, and* owned, *leased,* possessed, or controlled *by public school boards or properly organized and duly constituted playground associations,* and approved and accepted by the board of county commissioners, or board of revision of taxes, of the county in which said playgrounds are situated as such playgrounds." (Italics supplied.)

The facts are not in dispute, and at the hearing on bill, answer and proofs were established by offering in evidence the pertinent paragraphs of the bill and answer, from which we make the following formal

### Findings of fact

1. Plaintiff, a private corporation for profit, is the owner of a vacant lot in the City of Philadelphia, more particularly described in paragraph 1 of the bill in this case.

2. On July 9, 1945, plaintiff leased the said vacant lot for use as a playground rent free, to the Northeast Boys' Club, a nonprofit charitable corporation of the first class. Under the provisions of said lease the same is made terminable by either party at will, and plaintiff reserved the right therein at any time to display "For Rent" or "For Sale" signs on the said premises.

3. Said lot has, since the date of said lease, been possessed, maintained, controlled and operated as a playground by the said Northeast Boys' Club.

4. The lease of the playground in question is bona fide, and was not entered into with the said Northeast Boys' Club for the deliberate and primary purpose of securing a tax exemption by plaintiff, and the use of the ground in question is such as would entitle it to be tax exempt if it were owned, rather than leased, by

the said Northeast Boys' Club, and the said ground would have been accepted and approved by the board of revision of taxes as a playground entitled to exemption, if it had been owned and was used by the said Northeast Boys' Club.

5. Plaintiff made application to the Board of Revision of Taxes of Philadelphia requesting it to mark for exemption from taxation the aforesaid vacant lot for the years 1946 and 1947, claiming that said lot was exempted by the provision of the Act of May 22, 1933, P. L. 853, as amended.

6. On July 5, 1946, the board of revision of taxes did, in a written communication, notify plaintiff that its aforesaid request to recognize the said exemption of said lot claimed by plaintiff was refused.

In order to complete the record, the following answers are made to the request for findings of fact of the parties:

Plaintiffs 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12 requests, and defendant's 1, 2, 3, 6, 7, 8, and 9 requests are refused as being adequately covered and substantially affirmed by the foregoing findings.

Plaintiff's 10th and defendant's 4th and 10th requests are refused as immaterial to the issue.

Defendant's 5th request is refused as put.

### Discussion

The foregoing findings present three questions of law for our determination, one procedural and the other two of substance. As to the procedural question, the city challenges our jurisdiction to hear the case on the ground that plaintiff's right to the exemption claimed can be raised only by appeal from the refusal of the board of revision of taxes to mark the property exempt under the section of the Act of 1933 cited above. It contends that, since section 518 of the act provides for, and regulates, appeals to the common pleas from assessments by the board, equity is without jurisdiction

to entertain the case under the general rule that, where a special procedure is prescribed for the hearing and determination of a particular class of controversy that remedy is exclusive: Stratford v. Franklin Paper Mills Co., 257 Pa. 163; Mauch Chunk Twp. Taxpayers Assn. et al. v. Kern et al., 339 Pa. 257. This contention would conclude the present matter, if the amount or regularity of the assessment were the question in controversy. The attack here, however, is upon the power to tax the property at all, not upon the amount of the assessment. This distinction between the power to tax and the manner and propriety of the exercise of it is well recognized by the authorities as governing the jurisdictional question under consideration. The reason justifying it lies in the fact that the board of revision of taxes assesses all properties within its jurisdiction, whether they are taxable or exempt, marks as exempt those it understands to be made such by law, and then the tax is collected by the city from those that have not been so marked. This is necessary because, if, between assessments, a change of ownership or use should occur rendering an exempt property taxable for the balance of the taxable year, a failure to assess it would deprive the city of its taxes for that period. As the power to tax is not questioned, however, in the case of a property claimed to be partially exempt, the dispute being merely upon the amount of the assessment as reflecting a refusal to recognize the exemption claimed, it is well settled that the taxpayer's only remedy in such cases is by appeal to the common pleas from the board's assessment: Wynnefield United Presbyterian Church v. City of Philadelphia et al., 348 Pa. 252; Dougherty v. City of Philadelphia, 112 Pa. Superior Ct. 570; U. of Pa. Christian Assn. v. Philadelphia et al., 75 Pa. Superior Ct. 516. On the other hand, it is equally well settled that, if the exemption is claimed as to the entire property, the power to tax alone is involved, and hence that equity has jurisdic-

tion to decide the controversy and grant relief: First Baptist Church of Pittsburgh v. Pittsburgh et al., 341 Pa. 568; Lauderdale Cemetery Assn. v. Matthews et al., 354 Pa. 239; Chevra, etc., v. Philadelphia et al., 116 Pa. Superior Ct. 101. As the exemption in the present case is claimed as to the whole property assessed by the board, the city's power to tax is raised, and the case is squarely ruled by the line of decisions last cited. Defendant's challenge to our jurisdiction, therefore, cannot be upheld.

Our jurisdiction to entertain the case being clear, we come now to the two questions of substance presented by the evidence, namely, (1) whether the legislature intended by section 204(j) of the Act of 1933 to exempt land owned by one not entitled to exemption, but leased to, and operated by, an approved playground association, and (2) if it did so intend, whether such an exemption is constitutional under article IX, sec. 1, of the Constitution. The controlling facts of the case are that the exemption is claimed here by a private business corporation, which is the owner of the land and has leased it rent free to the Northeast Boys' Club to be used as a playground, under a lease terminable at the pleasure of either of the parties to it. Section (j) of the act is fairly open to two interpretations, one of which clearly precludes the exemption claimed by plaintiff, while under the other it would seem that the legislature intended to exempt playgrounds owned by an individual, but leased to an approved playground association. Eliminating mere surplus verbiage not here significant, clause (j) reads:

"All playgrounds . . . founded, endowed or maintained by public or private charity, which apply their revenue to the support . . . of such playgrounds . . . and for no other purpose, *and* (emphasis supplied) . . . owned, leased, possessed or controlled by, . . . playground associations, and approved and accepted by the . . . board of revision of taxes . . . as such playgrounds,"

shall be exempted from taxation. Giving the emphasized word "and" its usual meaning as a conjunctive the legislative intent seems to be clear to exempt, in the case of leased playgrounds, only those which are founded, endowed or maintained by one charity and leased by another, i. e., an approved playground association. Construed thus, plaintiff clearly has no right to the exemption, for it is not a public or private charity devoting its revenues exclusively to charitable uses. Neither is the clause open to constitutional objection, since, to secure exemption under it as so read, both the title and leasehold of the land would have to be vested in charities both of which, being "institutions of purely public charity" within the meaning of the Constitution, would be entitled to whatever exemption the legislature, acting within its constitutional powers, might choose to create. In such a case it would be a matter of practical indifference which charity claims the exemption, although it should, of course, be claimed by the owner, who alone is liable for the tax. This is illustrated by the case of Mercer County v. Trustees of the F. H. Buhl Club, 20 D. & C. 637, the only reported decision to date in this State under the law granting exemptions from taxation to playgrounds which was first adopted by the legislature in the Act of June 12, 1919, P. L. 452. The general rule that a charity is not exempt from taxation as to that part of its property from which it derives revenue by leasing to others (Philadelphia v. Barber, 160 Pa. 123; American Sunday School Union v. Philadelphia et al., 161 Pa. 307; Board of Home Missions v. City of Philadelphia, 266 Pa. 405; Bethlehem Diocese v. Boyer et al., 20 Dist. R. 995; Young Men's Christian Association v. Donohugh, 7 W. N. C. 208) is abrogated by clause (j) whenever the charity rents its land for charitable operation and use by a playground association. Without

the clause such property would be taxable in the hands of the charity-owner, and avoidance of this result is the probable explanation for the creation of this exemption by the legislature.

Plaintiff contends, however, that the legislature, desiring to encourage the multiplication of playgrounds as an aid in the control and training of the youth of the community, evidently intended by section 204($j$) to grant an exemption to them, based on use alone, by exempting those that are merely leased, and used as such, by playground associations, without regard to whether or not the owner of the land be a private citizen who has no right whatever to exemption; and that this can be accomplished only by giving to the word "and", emphasized above, the disjunctive meaning of "or", so that the clause would read (omitting unnecessary and merely confusing words):

"Playgrounds . . . founded . . . by . . . charity . . . or . . . and owned, leased, possessed or controlled by . . . playground associations . . . approved and accepted by . . . the board of revision of taxes . . . as such playgrounds."

This interpretation is strengthened, it is urged, by the last exception in clause ($l$) of the same section, reading:

"Except as otherwise provided in Clause ($j$) of this section, all property, real and personal, in actual use and occupation for the purposes specified in this section shall be subject to taxation, unless the person or persons, association or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely."

Plaintiff contends that the interpretation of the clause first suggested above not only narrows its applicability to the rare case of one charity leasing a playground to another, but also that it ignores the sig-

nificance of the insertion of the word "owned" after the "and" in question. If the first interpretation be the correct one, then "owned" is meaningless, or at least surplusage, for a playground that is "founded, endowed and maintained" by a charity is also owned by it, and could not be owned by a different charity, the playground association which "leases, possesses and controls" it. In order to give effect to all the words used in the act, therefore, it is insisted that "and" must be read as "or", making the words preceding it merely descriptive of a separate and independent playground category, which the legislature also intended to exempt. The express exclusion of clause (*j*) from the operation of clause (*l*) of the same section, which requires, in all claims for exemption, both ownership and use of the property to be exempted to coexist in the person claiming it, powerfully supports the interpretation urged upon us by plaintiff. The difficulty with plaintiff's position, however, is that, if we adopt the interpretation of clause (*j*), which it advocates, a serious question arises as to its constitutionality, so far as it involves a case such as the present, in which the owner is a private citizen not ordinarily entitled to exemption, but who claims relief from taxation because he has leased his land to an approved playground association.

Since it cannot be denied that section 204 (*j*) is a masterpiece of linguistic ineptitude and ambiguity, almost suggestive of a deliberate design to produce confusion and dubiety in interpretation, we can do little more than determine whether the particular interpretation advanced by plaintiff as necessary to support its claim for exemption in this case is constitutional. Assuming, therefore, that section 204 (*j*) of the Act of 1933 is intended to relieve from taxation the land of a private owner leased for playground purposes to a playground association, is such a legislative exemption authorized by article IX, sec. 1 of the Constitution?

We think it is not. That construction is necessarily grounded on the untenable proposition that the legislature may constitutionally exempt solely on the basis of use, without regard to ownership. Although taxation is an attribute of sovereignty, and in the absence of constitutional restriction, there is no limit to the power of the sovereign to exempt as it pleases (Clouser et al. v. City of Reading et al., 270 Pa. 92; Kirby v. Shaw, 19 Pa. 258; Sharpless et al. v. Mayor of Philadelphia, 21 Pa. 147; Washington Avenue, 69 Pa. 352; Weister et al. v. Hade et al., 52 Pa. 474), when the Constitution itself defines the limits within which exemption may be granted, the reverse rule applies with equal force, and the legislature cannot exceed the limits placed on it by that instrument: Christley v. Butler Co., 37 Pa. Superior Ct. 32; Wagner Free Institute v. Philadelphia, 132 Pa. 612; Philadelphia v. Barber, 160 Pa. 123.

Article IX, sec. 1 of our Constitution opens with the injunction that "all taxes shall be uniform upon the same class of subject", and then, as an exception to this rule, sets forth a list of exemptions the legislature may create, among which it is permitted by general law to exempt "institutions of purely public charity". As taxes are almost universally levied upon *property* and not upon *persons*, it is highly significant that the framers of the Constitution, in the language they employed authorizing exemptions from taxation, carefully indicated an intention to discriminate between the property to be taxed and the (owner) liable for it, by authorizing the exemption to be granted to "institutions of public charity", rather than to the property of such institutions. Not a word in article IX expressly restricts exemptions to property owned, as well as used, by a charity. Nevertheless, the reports of our courts abound in declarations, in one form or another, that the Constitution requires property to be

both owned by the charity and used for the charitable purposes. One of the latest examples of these judicial utterances by our appellate courts is in the case of Art Club of Philadelphia's Appeal, 327 Pa. 106, in which Mr. Justice Maxey said (p. 110):

"Under Article IX, section 1 of the Constitution of this Commonwealth and the decisions of our courts interpreting the same, property can be exempted from taxation only if (1) it is owned by an institution of purely public charity and (2) is devoted to a purely charitable use. If either element is lacking, there can be no exemption."

We are bound to acknowledge that this statement is to a large extent obiter dicta, because in the case there before the court a playground was not involved, and it is only in the case of playgrounds that the legislature has allowed an exemption which might possibly be construed as embracing land leased to, but not owned by, a charity. We do not mean to intimate that this pronouncement by the Supreme Court is fallacious, for, as we shall show hereafter, we think it is a conclusion necessarily inferable from the language used, notwithstanding the Constitution does not expressly so declare. Since the Constitution only authorizes the legislature to exempt the charitable institution itself, to keep within the limits of constitutional auhorization, the legislature's power to exempt must be deemed limited to exempting land (which in reality is the thing taxed) only when its relation to a charity is such that the charity itself is legally liable for the tax to the power levying it. To give the language of the Constitution any other construction would produce infinite confusion, destroy uniformity in the levying and collection of taxes, and invite flagrant tax evasion by private owners leasing presently unproductive land for playground purposes until they should have use for it, or should desire to gather in its unearned in-

crement by its sale. A construction which would produce such a result would be unjust and discriminatory, and would largely defeat the Constitution's declared primary purpose to require all taxes "upon the same class of subjects" to be uniform.

It is a curious circumstance, not without its significance, that in granting exemptions the legislature has, except in the case of playgrounds, which first crept into the law in 1919, invariably required ownership of the land taxed to be in the person entitled to, and claiming, the exemption. Although our board of revision of taxes has, during the more than a quarter of century since the playground clause was first enacted, consistently refused exemption to private owners who have leased land to playgrounds, whether with or without rent, none of such private owners has ventured to carry the present issue to the courts. This appears to be the first case to raise the question in our State courts. Such a circumstance does not necessarily preclude the adoption of plaintiff's argument; but this long-standing contemporaneous construction of the playground section of the statute by the properly constituted authorities is certainly a persuasive consideration against adopting plaintiff's contention at this time. He who claims exemption from taxation must clearly and indubitably establish his right to it (Wynnefield Presbyterian Church v. City of Philadelphia et al., 348 Pa. 252; Commonwealth v. Philadelphia Toilet & Laundry Co., 36 D. & C. 254; Lauderdale Cemetery Assn. v. Matthews et al., 354 Pa. 239), and it certainly cannot be said that an owner who asks us to convert "and" into "or" in order that he may acquire a unique benefit has clearly demonstrated such a right. Since the construction first suggested above is within the limits of the authority granted by the Constitution on the one hand, and on the other that advocated by plaintiff would invalidate it, the former must prevail.

For these reasons we are of the opinion that plaintiff is not entitled to the exemption it claims, and that the bill must be dismissed.

For the foregoing reasons we reach the following:

### Conclusions of law

1. As this case involves the power to tax plaintiff's real estate here in question for the years 1946 and 1947, the court has jurisdiction to entertain the controversy.

2. Plaintiff, Atlas Metal Stamping Company, a Pennsylvania corporation, is not an "institution of purely public charity" within the meaning of article IX, sec. 1 of the Constitution.

3. The Act of May 22, 1933, P. L. 853, as amended, would be unconstitutional if construed to exempt from taxation property leased for playground purposes by a "properly organized and duly constituted playground association" from a private business corporation in whose hands as owner the said property is otherwise liable to taxation.

4. Plaintiff, Atlas Metal Stamping Company, owner of the vacant lot here in question, is not entitled to claim exemption thereof from taxation under the provisions of section 204 (j) of the Act of May 22, 1933, P. L. 853, and its amendments.

5. The bill should be dismissed.

We also make answers as follows to the parties' requests for conclusions of law:

Plaintiff's request No. 1 is adequately covered and substantially affirmed in the foregoing conclusions. Plaintiff's requests Nos. 2, 3, and 4, are refused;

Defendant's requests for conclusions of law No. 1 is refused as not being a conclusion of law. Defendant's requests Nos. 4 and 5 are refused. Defendant's requests Nos. 2 to 11 (both inclusive) are refused as being adequately covered and substantially affirmed in the foregoing conclusions.

Accordingly, we now enter the following decree nisi in the case:

*Decree nisi*

And now, to wit, May 22, 1947, this case having come on to be heard upon bill, answer and proofs, upon consideration thereof, it is

Ordered, adjudicated and decreed:

1. The bill is dismissed.

2. Plaintiff shall pay the costs of this proceeding.

The prothonotary will enter this decree nisi, and give notice thereof to the parties or their counsel, and, unless exceptions thereto are filed within 10 days, either party may present to the court a form of final decree to be entered in the case.