Bradford Township Taxpayers Protective Association, Appellant, *v.* McKean County Board of Assessment and Revision of Taxes.

Argued April 18, 1952. Before Drew, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*Murray R. Garber,* for appellant.

*W. D. Gallup,* with him *E. G. Potter* and *Gallup, Potter & Gallup,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 26, 1952:

The lower court's order sustained defendant's preliminary objections to the plaintiff's bill in equity on the grounds that equity was without jurisdiction and dismissed the bill. This is an appeal from such order.

Plaintiff, Bradford Township Taxpayers Protective Association, is an unincorporated association of taxpayers in said township in McKean County. Its bill alleges with reference to 1950 assessments, that all land other than oil lands were assessed at the same figure as in 1949; that all improvements to real estate other than oil lands were assessed 150% more than the 1949 assessment; that oil lands were assessed at 20% more than the 1949 assessment; that oil lands were assessed on the basis of natural gas and oil produced; that all property was classified into oil lands, improved or unimproved real estate, and the value assessed at different ratios of assessed value to actual value. Plaintiff contended that such method of assessment is a violation of the Constitution of this Commonwealth, Art. 9, §1, which provides for uniformity, and contrary to the Act of May 21, 1943, P. L. 571, §§201 and 602 (72 PS §§5453.201 and 5453.602) relating to the method of assessment in McKean County and other counties of the same class.

In *Wynnefield United Presbyterian Church v. City of Philadelphia et al.,* 348 Pa. 252, 35 A. 2d 276, Mr. Justice LINN said, "A distinction has been taken between the cases in which over-assessment or inadequate

exemption has been alleged and the cases in which the property owner denies the power to levy any tax. In the former, it has been held that the remedy is by appeal from the assessment, as the statute provides, and not in equity; in the latter, equity affords the remedy: . . .". That this is not a case of a denial by a property owner of the *"power to levy any tax"* is apparent. Here the plaintiff contends that the *method of assessment* is unconstitutional and disregards the statutes granting the power to assess. The very prayer of the plaintiff for relief which asks that the court order "the *reduction of assessments of real estate* other than oil lands to the same ratio of assessed value to actual or market value as applied to oil lands, . . ." (emphasis supplied) shows that plaintiff's complaint is that an overassessment of their lands has been made. Under the *Wynnefield United Presbyterian Church* case, supra, their remedy is by appeal from the assessment.

We agree with the appellant that this is not a case of technical irregularities, assuming its allegations to be true: See *Mauch Chunk Township Taxpayers' Association et al. v. Kern et al.,* 339 Pa. 257, 14 A. 2d 329. However, it *is* a situation where the members of the plaintiff association complain about an overassessment of their property in comparison with other property in the township, viz., oil lands. If upon appeal by the individuals the court of common pleas of such county finds a lack of uniformity or a violation of the statutes, they will be entitled to appropriate remedial action: See *Mineral Railroad & Mining Company v. Northumberland County Commissioners (No. 1),* 229 Pa. 436, 78 A. 991. However, the remedy is not, as the lower court correctly concluded, by a bill in equity.

We can only profitably add what was said in *Delaware, Lackawanna & Western R. R. Co. v. Luzerne County Commissioners,* 245 Pa. 515, 91 A. 889, "Equity has power in a proper case to restrain the collection

of a tax, but it is a power that should be cautiously exercised, because as a general rule there is an adequate remedy at law . . . This decision must not be understood as an adjudication of the validity of the assessment, nor as an expression of approval of the method adopted by the Board for the Assessment and Revision of Taxes [or the tax assessor] . . . What we do decide is that every question presented for our consideration in the case at bar, can be raised on appeal from the revised assessment under the law. There being an adequate remedy at law, a court of equity should be very slow to extend its restraining arm when by so doing the entire assessment would be stricken down."

For the above reasons the order must be affirmed.

Order affirmed. Costs to be paid by the appellant.