In re PITTSBURGH RYS. CO.

No. 20225.

United States District Court
W. D. Pennsylvania.
June 18, 1953.

234

Samuel L. Fuss, Pittsburgh, Pa., for trustees.

Nathaniel K. Beck, Pittsburgh, Pa., for Allegheny County.

GOURLEY, Chief Judge.

In this reorganization proceeding, the instant matter comes before the court on petition for review of the order of the referee in bankruptcy dismissing the petition of the County of Allegheny for the payment of a personal property tax on Pittsburgh Motor Coach Company buses for the year 1939.

The Pennsylvania Act of 1913, P.L. 507, 72 P.S. § 4821, imposing a tax on certain classes of personal property was amended by the Act of 1939, June 19, P.L. 413, 72 P.S. § 4821, eliminating buses from said tax and provided that the Act shall become effective immediately upon its final enactment, and shall apply to all taxes payable during the year 1939, except to such as may already have been paid on the effective date of this Act.

Prior to the adoption of the Act of 1939, the Reorganization Trustees for Pittsburgh Motor Coach Company had filed a personal property tax return, pursuant to the requirements of the Act of 1913, and a statement for the 1939 tax was forwarded to the Reorganization Trustees. The tax was not paid prior to the effective date of the Act, June 19, 1939, or thereafter.

It is the contention of the County of Allegheny that the amendment eliminating buses from the personal property tax offends Article IX, Section 1, of the Pennsylvania Constitution, P.S., which provides, inter alia, that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general law; * * *."

The point appears to be well taken that the amendment works an injustice as against those persons who may already have paid their taxes on the effective date of the Act, while exempting from payment those who have delayed and held back.

But conceding the unconstitutionality of this amending provision, nevertheless it is my judgment that Allegheny County is not harmed by the particular feature alleged to be in conflict with the Constitution, and, hence, is not a proper party to object to its constitutionality. The law is well settled that a court will not heed objections to the constitutionality of an Act unless the complainant is harmed by the particular feature alleged to be in conflict with the Constitution. In re Knowles' Estate, 295 Pa. 571, 580, 145 A. 797, 63 A.L.R. 1086; Commonwealth ex. rel. Margiotti v. Cunningham, 337 Pa. 289, 305, 10 A.2d 559; Turco Paint & Varnish Co. v. Kalodner, 320 Pa. 421, 436, 184 A. 37.

The County, by virtue of the alleged discriminatory feature of the amendment, is not harmed, but, on the contrary, may have been benefited by the provision which it contends makes the amendment unconstitutional.

The further contention of the County that Reorganization Trustees lost the right to contest the validity of the tax on their buses by their failure to appeal from the assessment of the tax to the Board of Revision of Taxes and the Court of Common Pleas, is without merit. Indeed, the law is clear that where the power to tax appears, and the complaint is over-assessment, or inadequate exemption, the remedy is by appeal to the Board of Revision, and thence to the Court of Common Pleas. Dougherty, Trustee, Appellant, v. Philadelphia, 314 Pa. 298, 171 A. 583; Philadelphia v. Kolb, 288 Pa. 359, 136 A. 239.

But equity has jurisdiction to restrain attempted taxation for total want of power to tax. Dougherty, Trustee, Appellant, v. Philadelphia, supra.

Under the provisions of the Act of 1913, P.L. 507, 72 P.S. § 4821, the Reorganization Trustees for the Pittsburgh Motor Coach

Company were required to file on or before the 15th day of February, 1939, on the forms prescribed, prepared and furnished by the Board of Revision of Taxes, or the County Commissioners, the aggregate actual value of the class property in question.

As a result thereof, the Reorganization Trustees had complied with the provisions of law as it existed at the time the personal property tax return was filed. 72 Pa.P.S. § 4843.1.

In the present case, therefore, power to tax the buses did not exist for it had been repealed by the amendment of June 19, 1939 before the assessment was paid. The assessment was unsupported by any law and its validity can, therefore, be contested here without resort to the Board of Revision of Taxes or the Court of Common Pleas.

An appropriate order is entered.